[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motions in Limine
I. PLAINTIFF'S IN LIMINE MOTION TO PRECLUDE AND/OR SUPPRESS THE DEPOSITION TESTIMONY OF LYNN L. FULLMER
The motion is denied. The motion, having been filed over nine years after the deposition in question, was not made with "reasonable promptness" pursuant to Practice Book § 13-31(c)(4). The plaintiff, however, may admit Fullmer's letter pursuant to Practice Book § 13-30
(d), because the "refusal or failure to sign together with the reason, if any, given therefore," id., becomes part of the deposition. The court will deem the letter to be sufficiently authenticated unless the defendants have a good faith basis to doubt that the letter was sent by the deponent to the court reporter in question.
II. PLAINTIFF'S MOTION IN LIMINE RE: SETTLEMENT COMMUNICATIONS
The motion is denied. The cost chart revealing that Reichhold incurred $12.4 million in costs appears to be part of a complete statement of its costs that it believed to be true at the time. The cost chart bears no indication that the figures were for settlement purposes only or that they represented a hypothetical or compromise position. The plaintiff's interrogatory answers six months earlier use the same figures and thus tend to confirm that the cost chart contains statements of fact. The accompanying settlement memorandum, which was filed shortly before the submission of the cost chart, states only that the figures on the chart are "approximations which are subject to amendment or clarification at trial." Accordingly, the court considers the relevant portions of the CT Page 2454 cost chart to be "statements of fact," Ct. Evid. Code § 4-8, or evidentiary admissions but, in view of the qualification with which the plaintiff submitted the figures and the general rule concerning evidentiary admissions, the court will allow the plaintiff to attempt to amend or clarify these figures at trial.
III. PLAINTIFF'S MOTION IN LIMINE RE: JAPANESE OWNERSHIP AND GREENPEACE
The court postpones a ruling on the admissibility of evidence that the plaintiff is owned by a Japanese corporation until consideration of a motion to be filed by the plaintiff on the related issue of the admissibility of evidence of the plaintiff's financial status. As for the portion of the motion seeking to exclude evidence concerning the Greenpeace organization, the motion is denied. In general, the defendants are entitled to show that the plaintiff received notice of a possible insurance claim as a result of Greenpeace activities. The plaintiff would, however, be entitled, upon request, to a limiting instruction addressing the limited purpose of the admission of any statements made by Greenpeace that the plaintiff received and any prejudice that might arise from the nature of the Greenpeace organization.
In particular, the newspaper article attached to the plaintiff's motion would be admissible for the limited purpose of showing notice if the defendants can show that appropriate employees of the plaintiff read or learned of the article at a relevant time. In addition, the court finds that the title of the article is overly prejudicial and would have to be redacted.
IV. PLAINTIFF'S MOTION IN LIMINE ON CERTAIN NOTICE AND PREJUDICE ISSUES AND DEFENDANTS' MOTION IN LIMINE TO PRECLUDE RELITIGATION OF WHETHER REICHHOLD'S NOTICE OF THE TACOMA CLAIM WAS LATE
The plaintiff's motion is granted in parted and denied in part. The defendant's motion is denied. Further explanation follows:
A. Evidence Concerning When Notice Was Due
For substantially the reasons stated by the plaintiff in its memoranda, the court agrees that the first prong of the test set out inReichhold Chemicals, Inc. v. Hartford Accident Indemnity Co.,243 Conn. 401, 425, 703 A.2d 1132 (1997), for determining whether notice of an insurance claim was late has been resolved and that the second prong has not been resolved. Accordingly, the notice phase of the trial will address the sole issue of "when the circumstances known to the plaintiff suggested a reasonable possibility that the claim would reach the layers of excess coverage." Id. CT Page 2455
B. Evidence Concerning Actual Prejudice
The parties agree that each defendant has the burden to prove that its company suffered actual prejudice from any late notice. The court accepts this agreement.
C. Evidence Concerning Industry Practice In Responding to Late Claims
The court disagrees with the plaintiff's position that a witness may only testify about actual prejudice based on personal knowledge of the actual harm to his or her company. While the normal hearsay and competence rules apply to evidence about how each defendant actually responded when it received the plaintiff's allegedly tardy claim, the defendants may also attempt to prove, through knowledgeable witnesses, the customary business practice in responding to and investigating claims that are filed in a more timely manner.
 D. Evidence Concerning Alleged Detriments That Occurred After Reichhold Gave Notice
The court disagrees with the plaintiff's position that any specific prejudice from late notice of an insurance claim must have occurred within the delay period. The key question under Washington law is whether the prejudice was "as a result of the delay," and not when the prejudice occurred. Canron, Inc. v. Federal Insurance Co., 82 Wash. App. 480,918 P.2d 937, 943 (1996). The defendants may thus present evidence of post-notice prejudice as long as they connect that prejudice to the delay.
V. PLAINTIFF'S MOTION TO PERMIT TELECAST TESTIMONY
The motion is denied as moot. The parties have reached an agreement, which the court approves, that the plaintiff will preserve the testimony of three witnesses by video depositions to take place in mid-February. Trial will start on February 22, 2001. Later in the trial, the defendants will have the opportunity, if they request it, to a recess of reasonable duration to preserve the testimony of any of their witnesses who have recently become unavailable for trial.
VI. DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF ATTORNEY RICHARD STEWART, PLAINTIFF'S INSURANCE EXPERT
The motion is granted in part and denied in part. Stewart is precluded from testifying about the operation or effect of the insurance policies involved in this case, from construing or defining any material terms or CT Page 2456 provisions that may happen to appear in those policies, and from commenting about the defendants' conduct in this case. Such testimony would invade the province of the court or the jury or exceed the witness's knowledge. Stewart may testify, however, about the general nature of insurance, the characteristics of general liability coverage, and the customs and practices in the insurance industry. Such testimony might assist the jury in understanding a complex industry with which it may be unfamiliar.
Carl J. Schuman Judge, Superior Court